HANNAH HURLBURT, Appellee, v. WESTERN UNION TELE-
GRAPH COMPANY, Appellant.

Telegrams: FAILURE TO DELIVER: ERROR IN NAME. A telegraph com-
pany is required to use reasonable diligence in the delivery of
a message, and failure to deliver a telegram addressed to
"Hulburt" to one "Hurlburt," the person intended, under the
facts shown was negligence.

> 123  295
> d130 325
> 
> 123  295
> 141   35

Damages: MENTAL PAIN. Mental pain and anguish caused by the
negligent failure of a telegraph company to deliver a message
notifying one of the death of a relative in time to attend the
funeral will support a judgment for damages.

*Appeal from Clinton District Court.*—HON. J. W. BOLING-
ER Judge.

THURSDAY, MARCH 10, 1904.

ACTION to recover damages occasioned, as alleged, by the failure on the part of defendant to make timely delivery of a telegraphic message. There was a trial to a jury, and verdict and judgment in favor of plaintiff. Defendant appeals.—*Affirmed.*

*George H. Fearons, Walsh Bros.,* and *Carr, Hewitt, Parker & Wright* for appellant.

*Barker, Ellis & McCoy* and *W. E. Russell* for appellee.

BISHOP, J.—The message, as delivered to the defendant company in Chicago for transmission, was as follows: "Hannah Hulburt, Lyons, Iowa. Mother died Monday. Funeral Thursday. [Signed] William Bramman." It is conceded that, although the message was received at the Lyons office, no delivery thereof was made to plaintiff, and she did not learn of her mother's death until after the funeral. Defendant seeks to justify its failure to deliver the message on the ground of the error in the spelling of the name of the sendee; the argument being that it was not bound to hunt out a person named "Hurlburt," to whom to deliver a message addressed to a person named "Hulburt." The rule is that a telegraph company is bound to use reasonable efforts to deliver messages confided to it. Whether or not it has done so, in a given case, is to be determined upon a consideration of all the facts, including an improper or defective address, where such appears, as is alleged, as in the instant case; and the question is usually one for the jury. *Beasley v. Telegraph Co.* (C. C.) 39 Fed. Rep. 181. The question as made in this case was properly submitted to the jury, and under proper instructions. The jury found negligence on the part of the defendant, and we cannot say the verdict was not warranted. The name and address of plaintiff's husband appears in the city directory. The names "Hulburt" and "Hurlburt," if not *idem sonans,* are so nearly identical as to come within the rule announced in *Beasley v. Telegraph Co., supra.* There the message was addressed to plaintiff at Wallace, Texas. There was no such place, but there was a town named Wallis. It was held to be a case of *idem sonans,* and that the message should have been sent to Wallis. Quite different is the case of *Elsey v. Telegraph Co.* (Com. Pl.) 3 N. Y. Supp. 117, relied upon by appellant. There a message intended for "P. Ellsworth" was erroneously addressed to "P. Elsey"— names similar in neither spelling nor pronunciation.

II. The sole ground of damage alleged by plaintiff, and upon which she seeks to recover, is mental pain and anguish

1. FAILURE to deliver message: error in name.

resulting from not receiving notice of her mother's death in time to attend the funeral. That a recovery may be had in such cases, we held in *Mentzer v. Telegraph Co.*, 93 Iowa, 752, and again in the recent case of *Cowan v. Telegraph Co.*, 122 Iowa, 379. We are content with the rule as thus laid down.

2. DAMAGES: mental pain.

III. Appellant questions the *bona fides* of the claim as made by plaintiff for damages, as viewed in the light of the evidence given upon the trial. We may dispose of the contention by saying that, whatever we might feel disposed to do, were the question presented to us as an original proposition, we are bound by the verdict of the jury, especially as the amount awarded was within reasonable limits.

We think there was no error, and the judgment is AFFIRMED.