PALUCZAK, Respondent, vs. JONES, Appellant.

*November 11—December 6, 1932.*

For the appellant there was a brief by *Henry Lockney* of Waukesha and *Kenneth P. Grubb* of Milwaukee, attorneys, and *Victor D. Werner* of Milwaukee of counsel, and oral argument by *Mr. Werner*.

*W. B. Rubin* of Milwaukee, for the respondent.

FOWLER, J.    (1) The defendant moved for a directed verdict on the ground that plaintiff was guilty of negligence as a matter of law, and his motion was denied.   He assigns this ruling as error.   The evidence shows without dispute that the plaintiff was familiar with the intersection and with the bank and shrubbery on the northwest corner.   He testified he was going thirty miles an hour.   He did not reduce his speed.   He could not see any one approaching on the intersecting road.   The first he noticed was two glaring lights.   He tried to avoid the other car by turning right but

the collision occurred immediately. It occurred so quickly that he did not have time to get his foot from the accelerator to the brake.

We cannot avoid the conclusion that the plaintiff was guilty of negligence as to speed as a matter of law. He was approaching an intersection where his view was obstructed. Sec. 85.40 (4), Stats., provides that in such case the speed shall be such as to enable the driver to stop within one-half the distance within which he can see approaching traffic. Manifestly the plaintiff did not do this. Assuming the jury's finding as to lookout was proper, the plaintiff manifestly could not stop within half the distance he could see to his left. It is equally clear that if he had reduced his speed as required by the statute, he could have avoided the collision by stopping, as the other car was going only fifteen miles per hour according to the only testimony as to its speed.

(2) That both parties were negligent does not require dismissal of the case as the comparative negligence statute, sec. 331.045, applies. Under this statute where both parties to a collision are negligent and there is a counterclaim, one of the parties may recover when there is a finding that his negligence is less than that of the other, but his recovery must be reduced in such ratio as his negligence bears to the other's.

(3) Appellant contends that the court should rule as matter of law that plaintiff's negligence was equal to defendant's and reverse the case with directions to enter judgment of dismissal. We consider that the question of proportionate negligence is for the jury. Exceptional cases may

possibly arise in which it would be for the court, but this is not such a case. The matter was considered and briefly discussed in the opinion in *McGuiggan v. Hiller Bros., ante,* p. 402, 245 N. W. 97, and we see no need for further discussion of the point.

(4) It follows that a new trial of the case must be had. In view of this, consideration of some further questions raised by the appellant seems advisable. He contends that a question whether defendant's failure to stop at the arterial was a proximate cause of the collision should have been submitted to the jury. One stopping for an arterial must stop at a point from which he can see approaching traffic. It is manifest that if the defendant had stopped at such a point and kept a proper lookout to his right he would have seen the plaintiff approaching and should have yielded him the right of way, even though the plaintiff by his excessive speed had forfeited his right under the statute. Sec. 85.18 (1). Going ahead under the existing circumstances would manifestly result in a collision.

(5) The defendant also requested that the same questions as to lookout, speed, control, and causation be submitted to determine the question of his liability as were submitted to determine the plaintiff's. We can see no reason, under the facts of this case, for treating the parties differently as to submission. The plaintiff's violation of the statute as to speed was negligence as a matter of law as was the defendant's violation of the statute requiring him to stop at the arterial. Causation was to be inferred as matter of law in the plaintiff's case as in the defendant's. If the evidence on the next trial is the same as on the first, we see no occasion for submitting to the jury anything more than a question to determine the comparative negligence of the parties, and questions covering damages.

(6) The defendant also claims that the verdict is excessive. The testimony may be different on the next trial and there is no need to say anything more than that the damages

to plaintiff's automobile might readily have been proved with more exactness than they were and that the proof as to loss of wages falls far short of justifying the amount assessed by the jury.

*By the Court.*—The judgment of the circuit court is reversed, with directions for a new trial.