CAMERON, Respondent, vs. UNION AUTOMOBILE INSURANCE COMPANY and another, Appellants, and FUNFAR, Interpleaded Defendant.

*December 8, 1932—March 7, 1933.*

660

For the appellants there were briefs by *Bendinger & Hayes,* attorneys, and *Bender, Trump, McIntyre & Freeman* of counsel, all of Milwaukee, and oral argument by *Gerald F. Hayes* and *Eugene L. McIntyre.*

*W. K. Parkinson* of Phillips, for the respondent.

The following opinion was filed January 10, 1933:

Fowler, J. The appellants contend that the judgment of the circuit court is erroneous because (1) as matter of law the defendant county did not leave the truck standing on the road; (2) the Comparative Negligence Statute does not apply; (3) the parking statute does not apply; (4) evidence was erroneously received over defendants' objection; (5) the deceased assumed the risk; (6) the statute allowing damages for loss of society is unconstitutional; (7) if the statute is valid, allowance in the instant case of the full amount allowable is excessive. The defendants claim that because of the errors assigned the complaint must be dismissed; or if not, the judgment must be modified by deducting the allowance for loss of society or a new trial must be ordered.

(1) The contention that the defendant was not negligent rests upon the point that the jury's finding that the defendant was negligent for leaving the truck standing on the road with less than fifteen feet to the left of it in violation of sec. 85.19 (1), Stats., was necessarily based upon the hypothesis that the truck was standing still, and that this hypothesis is contrary to the physical facts. Three disinterested witnesses and Funfar testified that the truck was standing still when the collision occurred. Two employees of the county who were with the truck testified that the truck did not stop at all but was moving slowly along on its own power on its right side of the road. This presented a clear-cut jury question which must be considered as correctly decided by the jury unless irreconcilable with undisputed physical facts. The physical facts here relied on are that the truck after being struck went for fifty-five feet along the soft shoulder of the road and in the mud in the ditch alongside and against the bank at the far side of the ditch before

stopping; that the truck was extremely heavy and had a road grader attached beneath it, while the automobile was small and light; and that the only injury done to the truck was the breaking of the glass and bending the support of the reflector at the left rear of the truck. It is argued that it is physically impossible that the force of an impact sufficient to drive the truck fifty-five feet would not have done more injury to the truck than was done, and that the only conceivable hypothesis upon which the truck could have moved as it did is that it was in gear moving on its own power as defendants' witnesses testified. But the testimony shows that the truck was on a concrete pavement, on an incline in the direction the truck was facing, with its front wheels nearer than its hind to the outer edge of the pavement. Photographs in evidence show that the right side of the car behind the front wheel struck the left hind corner of the truck. The radius rod under the front axle is pushed back and the bumper broken off. The radiator apparently passed under the projecting platform of the truck and the bumper and the front wheel struck the left heavy double rear wheels of the truck. The auto was traveling thirty-five miles an hour. We are unable to say that the jury was not warranted in inferring that the force of the impact was sufficient to drive the truck ahead as far as it went if it was standing still.

The defendants concede that the finding by the jury of no clearance lights and an insufficient light or reflector at the rear of the truck is supported by the evidence, but as the jury found the defendant's negligence in this regard was only ten per cent. while that of the driver of the automobile was twenty per cent., this alone would not warrant judgment for the plaintiff as the Comparative Negligence Statute applies.

(2) The Comparative Negligence Statute, sec. 331.045, provides that—

". . . contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to

person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished by the jury in the proportion to the amount of negligence attributable to the person recovering."

The contention that this statute does not apply to the instant case is based upon the idea that under the facts here involved the negligence of Funfar was at least as great as that of the county employees in charge of the truck; in other words, the court should have ruled as matter of law that Funfar's negligence was as great as or greater than the defendant's negligence and dismissed the case because of his contributory negligence. The learned trial judge, although apparently of the opinion that Funfar's negligence was as great as that of the county, considered that the question of comparative negligence was for the jury and that the jury's finding should stand. There was an automobile approaching from the opposite direction whose lights were burning. The driver of the automobile was watching this automobile. The truck was painted gray and it was dusk, when visibility is poorest. The driver testified that the lights of the approaching automobile did not blind him, but that their rays past the rear of the truck combined with the color of the truck and the twilight hour to prevent him from seeing the truck until the headlights of the car had passed the rear of the truck, and that the presence of the truck was then first disclosed by his own lights and it was then too late to avoid the truck by turning left and applying his brakes, both which he did as quickly and as much as he could. We have recently said in three cases that the question of comparative negligence is ordinarily for the jury. *Brown v. Haertel, ante,* p. 345, 244 N. W. 630; *McGuiggan v. Hiller Bros.* 209 Wis. 402, 245 N. W. 97; *Paluczak v. Jones,* 209 Wis. 640, 245 N. W. 655. There is no difference in principle between submitting to the jury the question of comparative negligence under sec. 331.045 and in submitting in railroad employee

cases under sec. 192.50 (3), Stats., whether the negligence of the company was greater than the negligence of the employee, or in submitting under the federal Employers' Liability Act what proportion the negligence of the employee bears to that of the company. *Kalashian v. Hines,* 171 Wis. 429, 177 N. W. 602. The present statute only goes one step farther than the railway employees' statute and requires, as was done and upheld in the *Kalashian Case,* that the jury fix the proportion. It has been held in some cases under the state railway employees' statute that under the evidence the question was not for the jury (*Dohr v. Wis. Cent. R. Co.* 144 Wis. 545, 129 N. W. 252; *Lese v. Chicago & N. W. R. Co.* 154 Wis. 547, 143 N. W. 676); it has been held in others that it was (*Zeratsky v. Chicago, M. & St. P. R. Co.* 141 Wis. 423, 123 N. W. 904; *Tidmarsh v. Chicago, M. & St. P. R. Co.* 149 Wis. 590, 136 N. W. 337).

(3) The contention that the parking statute, sec. 85.19 (1), does not apply to the instant case is based upon the idea that this statute was intended to provide for room for two vehicles to pass to the left of a standing car and that two cars were not passing to the left at the time of the collision and there was ample room for one to pass. We cannot assent to this view. The present statute is very stringent. It is not limited to parked cars. It provides that—

. . . "*in no event* shall any person park, *stop* or *leave standing* any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon."

The words of the statute, "in no event," refute the contention that in the event that only one car is passing the statute does not apply.

(4) The evidence claimed to have been erroneously received is that of the driver of the automobile that the truck was painted gray, and to the effect that in the dusk the color

of the truck and of the concrete being the same the truck so blended with the "landscape view" as to render it invisible as he faced the approaching automobile lights. We are of opinion that it was not error to receive the testimony. That a gray object would be less readily visible under the circumstances than objects of some other color is manifest, and the less the visibility of the truck the less the driver's negligence in not seeing it in time to avoid it. *Kleist v. Cohodas,* 195 Wis. 637, 219 N. W. 366, is relied on to the point that the color of the truck is immaterial. That case held that as under the rule of *Lawson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629, one driving in the dark is negligent if he does not maintain such rate of speed that he can stop within the distance he can see ahead, failure to see a black object in the road ahead does not relieve a driver from contributory negligence. These cases were decided when contributory negligence was an absolute defense. As under the existing statute it is not a defense unless as great as the negligence of the defendant, evidence of the kind in question is plainly material.

(5) That the deceased by riding with Funfar assumed the risk of injury sustained through his customary method of driving on the trip is doubtless true, but he did not by so riding assume the risk of injury caused by the negligence of users of the highway other than Funfar, unless the acts of Funfar in which the guest acquiesced operated as a cause of the collision, and they did not so operate in the instant case.

(6) The constitutionality of sec. 331.04 (2), purporting to allow not exceeding $2,500 as damages for loss of society and companionship of the husband, is attacked as violative of the Fourteenth amendment to the constitution of the United States. The point is little discussed in the brief. It is urged that in Lord Campbell's Act the word "pecuniary" was not used but the act was construed as necessarily including it by implication, because the loss of society or com-

panionship is not susceptible of valuation, and legal damages must be so susceptible. The case of *Michigan Cent. R. Co. v. Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192, is cited and extensively quoted from and the matter is there left. The constitutionality of the federal Employers' Liability Act was attacked in the *Vreeland Case,* but its constitutionality had been declared in other cases before the case was reached for argument and the court's consideration was limited to construing the provision of the act providing for recovery by relatives for the death of an employee. The point at issue was what was recoverable for the benefit of the widow. The court considered the provision as "essentially identical" with Lord Campbell's Act, and construed it as that act was construed by limiting recovery to pecuniary loss. In doing so the court uses expressions and cites holdings of courts to the effect that loss of conjugal society is not pecuniary loss, because it cannot be measured by or expressed in money. This, however, does not appeal to us as sound, as recovery for such loss is everywhere allowable in cases for alienation of affections. 5 Sutherland, Damages, § 1285; 30 Corp. Jur. p. 1028, § 1026; *Hermance v. James,* 32 How. Pr. (N. Y.) 142, 146. Such loss is as capable of fixation in money as mental anguish or physical pain and suffering for that matter. We do not perceive why, if damages may be assessed and recovered for the mutilation of the dead body of a relative (*Koerber v. Patek,* 123 Wis. 453, 102 N. W. 40), or for delay in sending a telegram whereby one is kept from the bedside of a dying relative (*Western Union Tel. Co. v. Lydon,* 82 Tex. 364, 18 S. W. 701), or prevented from attending the funeral of a dead relative (*Hurlburt v. Western Union Tel. Co.* 123 Iowa, 295, 98 N. W. 794), they may not be for loss of society and companionship of a spouse. We consider the statute valid.

(7) The appellants also claim that the allowance of $2,500 for loss of society was excessive in view of the fact

that the plaintiff is 47 and her husband was 52, and as $2,500 is the limit fixed by the statute, and in the case of young spouses the damage in that respect would be manifestly greater than the case of the spouses of the age of those here involved, the limit cannot be allowed in this case. This argument does not impress us. The amount allowable will depend on the characteristics of the deceased spouse, the susceptibility of the surviving spouse to suffering, and the conduct and affection of the spouses towards each other. The amount named in the statute is not to be considered as indicating that $2,500 is adequate compensation for every or any loss of the kind that may be suffered, but as merely limiting the amount recoverable. The statute formerly made $5,000 the limit of recovery in any case of death by wrongful act. Sec. 4256, R. S. 1878. It is manifest that this amount was not considered by the legislature as adequate compensation for the pecuniary loss sustained through the death of a young husband whose annual earnings were many times that amount. The statute here involved like that of 1878 is considered, not a measure of compensation, but a limit to recovery.

*By the Court.*—The judgment of the circuit court is affirmed.

The following opinion was filed March 7, 1933:

PER CURIAM. A motion for rehearing is made herein on the ground that the plaintiff's recovery was reduced by twenty per cent., whereas, as it is claimed, it should have been reduced by a fourth or twenty-five per cent. The contention is based upon the language of this court in the opinion in the case of *Paluczak v. Jones,* 209 Wis. 640, 245 N. W. 655, 656. The statement is there made that:

"Under this statute (the Comparative Negligence Statute, sec. 331.045), where both parties to a collision are negligent

and there is a counterclaim, one of the parties may recover when there is a finding that his negligence is less than that of the other, but his recovery must be reduced in such ratio as his negligence bears to the other's."

The language "in such ratio as his negligence bears to the other's" was inadvertently used, and is withdrawn. Instead of the language last quoted the words "in proportion to his negligence" should have been used. This would have brought the statement in strict accord with the language of the statute, which is: "But any damages allowed shall be diminished by the jury in the proportion to the amount of negligence attributable to the person recovering." That reduction in the instant case was correct... See *Engebrecht v. Bradley,* 211 Wis. 1, 247 N. W. 451, the opinion in which is filed herewith.

The other matters suggested by the motion for rehearing were discussed in the original briefs, received the consideration of the court, and were decided adversely to the appellants.

The motion for rehearing is denied, with $25 costs.