ENGEBRECHT, Respondent, vs. BRADLEY, Appellant.

*February 7—March 7, 1933.*

2

*L. A. Pradt, Jr.,* of Wausau, for the appellant.

For the respondent there was a brief by *Stone & Park* of Wausau, and oral argument by *Patrick T. Stone.*

FAIRCHILD, J.    The facts involved in this case are practically undisputed.    The appellant, accompanied by his wife and three young men, was driving in the nighttime from Rozelville to Stratford; he left Rozelville some time after one o'clock a. m.    The car "started missing and bucking. Lights were not burning steadily up to the time I stopped. They would flare up and go out and come on.    That is the way they kept on until finally they refused to come on, and at the same time the engine refused to go."    Just before his car finally stopped he was going up hill.    He then threw out his clutch, letting the car drift back, but did not get it off the concrete.    He and his wife got out of the car to look things over.    The respondent's car came up to within a very few feet, and in an effort to avoid appellant's car turned suddenly to the left and tipped over.

The statutes provide against the parking of a vehicle upon a highway when it is practical to stop such vehicle off the roadway; and sec. 85.19 (1), Stats., reads in part:

"In no event shall any person park, stop or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon."

Exceptions are made for emergencies in which the vehicle becomes disabled to such an extent that it is impossible to avoid stopping or temporarily leaving it in such position. Appellant contends that he was not negligent; that when his car began to show signs of failing him, under the circumstances the normal and rational thing to do was to attempt to reach his destination some seven miles away. His desire to return home as speedily as possible can be understood, but he must have been conscious that the chances taken by him might produce a situation of grave danger to himself and others. He permitted his darkened car to stand on a highway used by others. *Sweet v. Underwriters Casualty Co.* 206 Wis. 447, 240 N. W. 199.

The much desired purpose of regulations with reference to automobile travel is to protect individuals from injury and to reduce danger from such travel to a minimum. It is unlawful for any person to operate any vehicle on the highway carelessly and in disregard of the rights or safety of others or without due caution and circumspection. Sec. 85.40 (1). It was appellant's conduct that resulted in the car being on the highway in a position menacing to those who were traveling that way. Under certain circumstances defective lights may be as fruitful a source of trouble as defective brakes or any other of the vital equipment on which drivers must depend for safety in the operation of their machines. The evidence compels the conclusion that

the verdict is amply sustained. The trial court refused to disturb the findings of the jury and awarded the plaintiff judgment for seventy-five per cent. of the total damages. The respondent was held guilty of contributory negligence as a matter of law in that he failed to keep a sufficient lookout and a sufficient control of his car as he was driving toward the place where appellant's car stood. The jury fixed the proportion that his negligence contributed to the total result. That the respondent was guilty of negligence must be conceded under *Lawson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629; *Kleist v. Cohodas,* 195 Wis. 637, 219 N. W. 366, and similar cases. The accident happened after the passage of sec. 331.045, Stats., establishing the doctrine of comparative negligence. It is therein provided that:

"Contributory negligence shall not bar recovery in an action by any person . . . to recover damages for negligence . . . if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished by the jury in the proportion to the amount of negligence attributable to the person recovering."

The respondent was approaching the place where the appellant's unlighted car was standing. He was required by law to have lights of sufficient strength to enable him to keep a lookout calculated to enable him to stop before colliding with any object. The instinctive quality which becomes part of the driving habit would respond in the nighttime to the appearance of lights upon the highway and judgment thereupon would be formed as to further or consequent speed and lead to decision as to whether to go forward or stop. To leave at night an unlighted car upon the highway when it might have been gotten off by gravity or with the help of the occupants may rightfully be compared with the negligence of an oncoming driver and rated as more of a

contributing cause to a consequent disaster than the failure to see it. We cannot say that the respondent's negligence, as a matter of law, is equal to or greater than that of the appellant. Necessarily these acts differ in quality and the judgment of the jury under circumstances such as these is controlling. Where two actors are involved, the comparative negligence law exonerates the party most negligent of a portion of the damage sustained by the party least negligent. When in situations raising jury questions the total damage has been properly determined, the amount which the one guilty of greater negligence is responsible for is arrived at by diminishing the amount fixed as total damage by the proportion contributed to the result by the one least negligent. There is no error or fault of consequence in the record, and the judgment, therefore, is good.

*By the Court.*—Judgment affirmed.