HAMMER, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*May 8—September 11, 1934.*

8

For the appellant there was a brief by *Hayes & Hayes,* attorneys, and *William A. Hayes* of counsel, all of Milwaukee, and oral argument by *William A. Hayes.*

For the respondent there was a brief by *Crawford & Crawford* of Superior, and oral argument by *R. A. Crawford.*

The following opinion was filed June 5, 1934:

WICKHEM, J. This appeal involves three questions: First, does the evidence sustain the verdict as to defendant's

negligence and its causal relation to decedent's injury? Second, does the comparative negligence law apply to accidents at railroad crossings? Third, was the negligence of the deceased, as a matter of law, as great or greater than that of the defendant?

It is our conclusion that the evidence sustains the finding that the train was proceeding at an unlawful rate of speed, and that it failed to sound the bell as required when approaching the crossing. The evidence is conflicting upon all these issues, and a jury question is presented. There is, however, no evidence to sustain the jury's conclusion that the speed at which the train was run had any causal relation to this accident.

The deceased was walking in a westerly direction on the north side of Main street in the city of Superior. Main street runs east and west, and for some space is paralleled on the north by defendant's railroad tracks. At the point in question the tracks curve to the southwest and extend diagonally across Main street. Upon arriving at the spot where the tracks cross the highway, Hammer turned to the southwest and walked between the tracks or very close to them. He was struck by a train coming from the east. The evidence sustains the conclusion that he made no observations and was walking with his back to the train that struck him.

There is evidence that the train was moving at a speed of from twenty-five to thirty miles per hour. The failure to ring the bell could clearly be found to be a cause of the accident, but just as clearly the speed of the train had nothing to do with it. Had decedent been approaching the intersection of the tracks with the highway, and had his view of the train been affected by its speed, or had he been misled by this circumstance as to the prospects of crossing the tracks in safety, or had the severity of his injuries been increased by the momentum induced by the speed, a different situation would be presented. Here decedent was proceeding with his back to the train, and there is no evidence on which to base a con-

clusion that he would have received a more adequate warning, or that his conduct would have been different, or his injuries less severe, had the train been proceeding at a proper speed. This is especially true in view of the fact that while the train was being operated at a greater speed than the permitted rate of fifteen miles per hour, it was not driven at a high speed, as that term is usually understood in connection with motor-driven vehicles.

The next question is whether the comparative negligence act applies to railroad accidents of this character. It is contended by defendant that this law has no application, and that such accidents are wholly governed by sec. 192.29, Stats., which provides, in the event of the negligent omission of the railroad to comply with certain safety requirements, that slight want of ordinary care shall not bar recovery. This contention cannot be sustained. In railroad accidents prior to the enactment of the comparative negligence law, more than a slight want of ordinary care was required to be shown to establish a complete defense, if the negligent act of the railroad consisted of a violation of safety requirements prescribed by sec. 192.29. In other cases any want of ordinary care by plaintiff constituted a complete bar in an action against the railroad. The comparative negligence act applies to every situation in which the negligence of plaintiff would have been a complete defense prior to enactment. Applied to situations governed by sec. 192.29, the act requires a comparison of the negligence of a plaintiff with that of the railroad company in every situation where plaintiff's negligence constitutes more than a slight want of ordinary care, and where, except for the act, the defense would be complete. Sec. 192.29 exhausts its purpose when, as a penalty for violation of specified safety rules, it provides that slight want of ordinary care shall not constitute a defense. When the negligence of plaintiff is more than slight the provision has no operation. The defense was complete under the law as it

existed prior to the act, and by the terms of the comparative negligence law plaintiff's negligence must be compared with that of the railroad company. These conclusions require a determination in each case to which sec. 192.29 applies, whether plaintiff was guilty of more than a slight want of ordinary care, and in the case of an affirmative answer, a comparison under the provisions of the comparative negligence law. In this case the trial court found that plaintiff was guilty of negligence as a matter of law. It is clear that decedent was not only guilty of negligence as a matter of law, but that as a matter of law his negligence constituted more than a slight want of ordinary care. Hence it was proper to require the jury to compare his negligence with that of the railroad company, so far as this contention of defendant is concerned.

The next question is whether, as a matter of law, the negligence of decedent should be held to be greater than that of the railroad company. Under the doctrine of *McGuiggan v. Hiller Brothers*, 209 Wis. 402, 245 N. W. 97, and *Bent v. Jonet*, 213 Wis. 635, 252 N. W. 290, it cannot be said that the negligence involved in this case was sufficiently similar in character to warrant such a conclusion.

It follows that since we hold that one of the items of negligence considered by the jury in making the comparison had no causal connection with the injury, the judgment must be reversed and a new trial had, since the negligent speed of the railroad company must have been considered by the jury in establishing the percentage of decedent's negligence in relation to that of the defendant. In this connection it may be said that while this court will not ordinarily determine whether plaintiff's negligence was greater than that of defendant, as a matter of law, or substitute its judgment as to percentages for that of the jury, it will, in a proper case, set aside a jury's finding and order a new trial when it appears that the percentages fixed are grossly disproportionate under

the evidence. This comment is made because it appears to the court that even had the element of unlawful speed been present in this case as a cause, there would be grave doubt whether a finding that the negligence of deceased constituted only fifteen per cent of the total negligence involved could be permitted to stand.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.

A motion for a rehearing was denied, with $25 costs, on September 11, 1934.