Johnson, Respondent, vs. Hasslinger and another, Appellants.

*November 11—December 8, 1936.*

For the appellants there was a brief by *Lockney & Lowry,* attorneys, and *Richard N. Hunter* of counsel, all of Waukesha, and oral argument by *Mr. Hunter.*

For the respondent there was a brief by *Scott Lowry* and *Jacobson & Malone,* all of Waukesha, and oral argument by *Marcus A. Jacobson.*

FAIRCHILD, J.   Judgment allowing damages to respondent was granted on the theory that some negligence of appellant existed because the truck was in low gear when the team started to pull, and that this caused the rocking of the sleigh and respondent's fall.   Appellants contend that the evidence does not sustain the finding that the truck was in gear when Johnson was hurt, and that in any event it was not a proximate cause of Johnson's injury.   Hasslinger denied that the truck was in gear.   The evidence that it was consists of testimony by Johnson that on two occasions Hasslinger admitted to him that the truck had been in gear.   Johnson prepared a written statement describing the accident which implied that the truck was in gear.   Johnson testified that

Hasslinger admitted the truth of that statement although he refused to sign it. This uncertain claim, of an admission, arising only by implication, would probably not be sufficient evidence to sustain the finding of the jury. *Kruse v. Weigand,* 204 Wis. 195, 235 N. W. 426; *Papke v. Haerle,* 189 Wis. 156, 207 N. W. 261. Johnson testified, however, that Hasslinger told him at the time of the accident that the truck was in gear. Hasslinger denied this, but there were no physical circumstances making the fact improbable or impossible and a jury question existed. The jury believed Hasslinger made this admission, and the admission is sufficient evidence to sustain the finding that the truck was in gear. 3 Jones, Evidence (2d ed.), p. 1973, § 1072.

The effect of this finding is to establish that an act of Hasslinger occurred which increased the resistance to be experienced when the pull began. The matter is not free from difficulty. Some doubt exists as to whether one could be reasonably expected to foresee injury to one situated as respondent was unless the former knew or ought to have known that the truck and sleigh were so attached that, when the horses pulled against the increased resistance, the sleigh would be raised and that a similar rising of the sleigh would not result if the operation were alone upon the motionless truck out of gear. Under the facts here, however, the respondent having assisted Hasslinger in starting this truck before, and as under the plan usually followed the gears were not engaged until some time after the truck had been in motion, we conclude a jury question exists as to whether Hasslinger was negligent in having put the truck in gear before the truck started rolling.

Both respondent and Hasslinger were found to have acted negligently, and the jury fixed the negligence eighty per cent in Hasslinger and twenty per cent in Johnson. It had, however, made a finding that Hasslinger was negligent with re-

spect to the fastening of the chain to the truck. This finding was not supported by the evidence, and the court held that he was not negligent in that respect. The testimony shows that the chain was fastened to the sleigh by Johnson, and to the truck by either Hasslinger or Nissen. The way that the truck, chain, and sleigh were fastened together just before Johnson was hurt was a condition known to both Hasslinger and Johnson. If the chain and sleigh had transmitted from the harness to the front axle of the truck a direct pull along a straight line, the sleigh could not have been expected to rise or jerk in the manner in which it did. Of course, if the manner of hitching were due to the negligence of Hasslinger, his proportion of negligence would be higher. The jury was influenced in its fixing of the proportion of negligence by its conclusion that Hasslinger was negligent with respect to the fastening of the chain, and since there is no evidence to sustain that conclusion, and since the answer was properly changed by the court, it follows that the proportions found by the jury were erroneous. *Hammer v. Minneapolis, St. P. & S. S. M. R. Co.* 216 Wis. 7, 255 N. W. 124.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.