SCHEFFLER, Appellant, vs. BARTZEN, Respondent.

*October 12, 1936—January 12, 1937.*

For the appellant there was a brief by *Rouiller, Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Glenn R. Dougherty*.

*Harry V. Meissner* of Milwaukee, for the respondent.

The following opinion was filed November 10, 1936:

FOWLER, J. The plaintiff is the owner of a truck, and sues to recover damages for injury to it sustained in a collision on the highway with a trailer attached to a truck owned by the defendant. The defendant counterclaims for damages to his trailer.

The trailer was left standing on the right lane of a two-lane concrete roadbed forming the northbound portion of a double-track highway, the two portions of which are separated by a boulevard. Defendant's driver finally left the trailer so standing at three o'clock in the morning, after devoting seven hours and driving forty miles to and from Milwaukee for repairs and help in efforts to put the trailer in condition for moving. There was ample room for passing to left of the trailer. There was also room to park the trailer on the shoulder of the highway. After 3 o'clock the plaintiff's truck ran into the rear of the trailer. The driver of plaintiff's truck did not see the trailer in time to avoid a collision. The defendant's driver had placed a flare one hundred feet to the rear of the trailer, two feet off the concrete on the shoulder. This flare was burning at the time of the collision, but the plaintiff's driver did not see it. The lights on plaintiff's truck were deficient. When the trailer stopped, the tire of its right double wheel was off. The other tire was flat. The testimony was undisputed that an-

other turn of the wheel would have caused the wheels to come off and left the right rear corner of the trailer resting on the brake drum. The driver of defendant's truck drove one hundred feet after noise developed at the rear of the trailer, stopping gradually. He feared he would lose traction if he drove his truck onto the shoulder, as the shoulder was wet. The trailer was itself heavy and it was heavily loaded.

The judge of the civil court found that the driver of the parked truck was negligent for violation of the parking statute in failing to pull the trailer off the concrete onto the shoulder on parking it, and in improperly placing the flare; and that each such failure was a proximate cause of the collision. The language of the parking statute, sec. 85.19 (1), (8), Stats. 1933, does not apply to vehicles disabled to the extent "that it is impossible to avoid stopping or temporarily leaving such vehicle in such position." The circuit judge ruled that under the undisputed evidence there was no ground for finding that the defendant's truck could have been moved off the concrete; that under the facts stated it was impossible to avoid stopping the trailer and temporarily leaving it on the highway; and that there was thus no violation of the parking statute.

We are of opinion that the ruling of the circuit judge was correct. The testimony was that the trailer could not be moved onto the shoulder of the road by reason of the shoulder being wet. The driver of the truck pulling it was of opinion that if he drove onto the shoulder the truck would lose traction and be unable to pull the trailer. It is also to the effect that on going any farther the wheels would have come off and let the load rest on the brake drum, which would have resulted in further injury to the trailer and increased the traction necessary to pull it. The undisputed evidence, which we need not detail, also shows that the driver of the defendant's truck used all feasible means of securing and putting other tires on the trailer, and did all

that was reasonably required of him to do in order to avoid leaving the trailer on the concrete over night.

The circuit judge was also of opinion that the driver of defendant's truck was not negligent in placing the flare on the shoulder of the road slightly off the concrete rather than putting it on the concrete, and with this we are in accord. The flare was placed one hundred feet to the rear of the trailer. Sec. 85.06 (2) (d), Stats. 1933, required that a flare be placed approximately one hundred twenty-five feet to the rear of a vehicle left on the highway at night. But the road was straight and level and the plaintiff admittedly did not see the flare. Thus he would not have seen the flare had it been placed twenty-five feet farther back. Not so placing it had no causal connection with the injury, and deviation from the statutory requirement, if any there was, is immaterial.

The civil court judge found that the plaintiff's driver was negligent as to lookout and as to driving with insufficient lights, and these findings are correct on the plaintiff's own testimony. The civil court judge also found that the comparative negligence of the plaintiff was forty per cent as compared to defendant's sixty, and gave judgment accordingly. But as no causal negligence is attributable to the defendant, the plaintiff's negligence was the sole cause of the damage to the defendant's trailer. This damage was stipulated at $875. The circuit court entered judgment for this amount. This was correct.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on January 12, 1937.