KNAUF, Respondent, vs. DIAMOND CARTAGE COMPANY, Appellant.

*October 14—November 9, 1937.*

For the appellant there was a brief by *Nash & Nash,* and oral argument by *Walter J. Clark,* all of Manitowoc.

For the respondent there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge.*

FOWLER, J. The appellant assigns as error that the verdict submitted to the jury was improper in form because it invited inconsistent findings. We need not consider whether the form of the verdict permitted of inconsistent findings if the findings returned were not inconsistent, and we do not perceive that they were.

The main contention of the appellant is that the finding of the jury that the D. truck driver was negligent for "failing to remove the disabled truck from the highway" is not supported by the evidence. This finding is in effect a finding that the truck was left standing when not permitted by sub. (8) of the parking statute, sec. 85.19. That subsection provides that the parking provisions of sec. 85.19, Stats., shall not apply to a vehicle "which is disabled while on the highway in such a manner or to such extent that it is impossible to avoid stopping or temporarily leaving" it on the highway. There was no question as to the truck being disabled. It clearly was disabled. The jury's finding in effect was that the driver was negligent for not getting the truck off the highway before the plaintiff came along; that the

truck was left standing on the highway longer than was reasonable under the circumstances. We cannot say that this was erroneous under the circumstances of the limited clear space opposite the truck, that the driver of another truck fifteen or twenty minutes after the truck stopped had offered assistance, and that the truck might have been hauled off the road into the entrance to a farmhouse only five hundred feet ahead, either by this other truck or by the farmer, had the driver so requested. It is true, it does not expressly appear from the printed case that the other truck driver or the farmer would have pulled the truck off the road had request therefor been made, but the jury might properly infer that it would have been hauled off had the request been made, and that the request should have been made under the circumstances. No doubt the truck driver might have tinkered with the motor a reasonable time before moving the truck, but he had been tinkering fifteen or twenty minutes when the first truck arrived, and he continued to tinker for three-quarters of an hour or so thereafter. The jury properly considered that he continued his tinkering too long. The effect of the jury's finding was that the truck was left standing on the highway more than "temporarily." If so, sub. (1) of the parking statute did not apply.

It is urged by appellant that sub. (8) was not expressly called to the attention of the jury, but we do not perceive that this was prejudicial. No doubt a question might have been framed more appropriate to calling for determining whether sub. (1) applied and the terms of sub. (8) given to the jury in connection with it. But no objection was made to the form of the verdict before it was submitted, and no request was made for an instruction relating to the subsection.

The appellant contends that as the jury found that the defendant was negligent in not removing the truck, this made sub. (1) of the parking statute inapplicable, and made sub-

mission of the question as to the fifteen feet clear space opposite the truck improper, and that this error was prejudicial because it left the jury to find causative negligence of the defendant in two respects instead of one, and necessarily affected their findings as to comparative negligence. It is true that as the jury inferentially found that the parking statute did not apply, it was not necessary for them to answer a question based on that statute. The orderly way to submit the matter would have been first to submit a question to determine whether the parking statute applied, and to follow it with a question to determine whether it was violated, to be answered only in case the jury found by their answer to the first question that it applied. However, where the truck stood, that is the width of the clear space to its left, was a fact bearing on the degree of the defendant's negligence in not removing it. Manifestly, if the truck had stood wholly on the concrete, the degree of negligence in not removing it promptly would be greater than if it stood to the extreme right on the shoulder. Its position being a factor in fixing the degree of the defendant's negligence, it had the same actual bearing whether it was expressly found or not, and that the jury expressly found its position left less than fifteen feet opposite cannot be held to have been prejudicial. Prejudice should not be inferred unless it affirmatively appears, and we cannot say that it does.

The appellant contends that the decision in *Scheffler v. Bartzen,* 223 Wis. 341, 269 N. W. 537, requires a holding that the defendant was not negligent in removing the truck because the truck there involved was left standing on the highway much longer than the instant one was standing before the accident occurred. But in that case the truck was on a four-lane road, two lanes for traffic in one direction and two for traffic in the opposite direction, and the two lanes were separated by a wide boulevard. There was ample clear

space opposite the truck for the passage of vehicles, and flares were placed to the rear and ahead of the truck. We held that the driver in that case had done all that was reasonably incumbent on him to get the truck off the road, but the circumstances of the two cases vary so widely that it does not follow that the instant truck driver was not negligent in doing as he did. Although setting of flares was not required by statute when the instant accident occurred, flares might have been carried and set out on occasion by the defendant. The defendant is not to be held negligent as matter of law for not so doing, but had he done so the question of negligence in not removing the truck would have been much different.

More nearly although not exactly in point is *Bornemann v. Lusha,* 221 Wis. 359, 266 N. W. 789, wherein we held as matter of law that the defendant was negligent for letting five or six minutes elapse after his truck stopped without getting flares set out as required by statute. That case is at least to the point that great diligence must be used to guard against collisions when disabled vehicles are standing on the highway.

We are of opinion that there was no prejudicial error in respect of the form of the verdict or the instructions; that the evidence supports the verdict and the verdict supports the judgment.

*By the Court.*—The judgment of the circuit court is affirmed.