KLITZKA and another, Appellants, vs. WHEELER TRANSPORTATION COMPANY, Respondent.

*April 11—May 17, 1938.*

For the appellants there was a brief by *Orville S. Luckenbach* of Shawano and *Allan V. Classon* of Green Bay, and oral argument by *Mr. Luckenbach.*

For the respondent there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *Charles F. Smith.*

NELSON, J.   On February 19, 1937, the defendant's truck, consisting of a tractor and a trailer, was en route to Eau Claire from Green Bay in the nighttime.   The vehicle was about thirty-six feet long.   A few miles east of Wittenberg on Highway No. 29 there is a long hill.   Although it had been raining and misting at times during the trip from Green Bay to the hill mentioned, no ice upon the highway had been encountered.   However, when the truck had reached a point estimated to be about two thirds of the way up the hill, the highway was icy and slippery.   The truck stalled on the icy pavement.   There was no traction, and as a consequence the truck started to slip back in spite of the application of the brakes.   Livingston, the driver, thereupon permitted the truck to move backward slowly about fifty or sixty feet. The trailer jackknifed so that when the truck was stopped the traveled portion of the highway between the snowbanks was blocked.   Livingston kept his motor running and his headlights, clearance, and cluster lights all turned on.   He immediately took from his cab a large fusee which he promptly lighted and inserted on the extreme left side of the trailer.   He then proceeded to remove his chains and kerosene flares from a box located on the rear of the tractor. While so engaged, an automobile in which Hermsen, a disinterested witness, was riding, had approached from the rear. When that automobile was about five hundred feet from the truck the burning fusee was clearly visible.   The automobile in which Hermsen was riding approached to within seventy feet of the truck and stopped.   Hermsen got out of the automobile and walked up to the truck and there saw Livingston near the left rear wheels of the tractor.   Livingston testified that at that time he was engaged in removing his chains and the kerosene flares from the box in which they were contained.   Hermsen testified that it looked to him as though Livingston was putting on his chains, that he had chains in

his hand. While Hermsen was standing by and within a very short time he observed the reflection of automobile lights over the crest of the hill. He ran forward a distance of fifteen or twenty feet and attempted to warn the plaintiffs, who were the occupants of the approaching automobile, by waving his hands. Livingston himself went some distance ahead of his truck and waved his flashlight. The approaching car, however, did not stop but crashed into the side of the trailer, severely injuring both of the plaintiffs. The plaintiffs, who had driven from Wausau, testified that they had encountered snow, rain, and mist on the trip between Wausau and the place of the collision, that their windshield was coated over except where the wiper operated in front of the driver. The plaintiff, Pranke, who occupied the right side of the seat, could not see through the windshield in front of him. The plaintiff, Klitzka, testified that he could see through the windshield on his side of the car where the wiper operated, although his field of vision was somewhat limited. He did not see the headlights of the truck or the clearance or cluster lights. He did not observe the burning fusee. He did not see the truck until he was within forty or fifty feet of it when his lights revealed its presence across the highway. He applied his brakes momentarily, which caused his automobile to skid slightly. He thereupon released his brakes and smashed into the trailer.

The plaintiffs contend that the court erred in directing a verdict for the defendant. They assert that, because Livingston did not immediately place a kerosene flare or a fusee at the crest of the hill, it would have been permissible for the jury to find that Livingston was negligent.

Sec. 85.06 (2) (d), Stats., provides:

*"Lights to protect against stationary vehicles.* No person shall, during any period of time from one-half hour

after sunset to one-half hour before sunrise, permit a motor truck, truck tractor, trailer or semitrailer to stand upon any traveled portion of a highway outside of the corporate limits of any incorporated city or village, *unless such vehicle is protected by a burning fusee placed on the extreme left side of the vehicle, or by lights placed approximately one hundred twenty-five feet to the front and rear of the vehicle,* to clearly indicate the presence of such vehicle. Such fusees or lights shall be kept burning the entire time such vehicle is left standing. Every such vehicle operated on the highways *shall be provided at all times with the fusees or other lights* required to comply with this subsection."

It is undisputed that immediately upon the truck's stalling, Livingston ignited a fusee and placed it on the extreme left side of the truck, in compliance with the statute. The plaintiffs contend that such compliance under the circumstances was not sufficient to meet the demands of ordinary care. The argument is grounded upon the fact that the defendant did not place a fusee or a flare at or near to the crest of the hill before the collision occurred. Livingston testified that, in addition to placing the fusee on the truck, he would have lighted and placed the flares had he had time to do so. According to the testimony of Livingston, the truck stalled about two hundred feet from the crest of the hill. According to the testimony of Hermsen, the disinterested witness, the distance between the stationary truck and the crest of the hill was about three hundred feet. One of the plaintiffs estimated that distance to be about one hundred feet, but obviously that estimate was the merest guess since he did not observe the truck until he was within fifty feet of it, and since he was rendered unconscious as a result of the collision and consequently made no observations after the collision occurred. The collision occurred within a minute after Hermsen arrived on the south side of the tractor. There is no proof that Livingston had sufficient time to put out

flares or place another fusee at or near to the crest of the hill before the collision occurred, even though that might have been a wise thing to do under all of the circumstances.

The provisions of sec. 85.06 (2) (d), Stats., are clear and express the legislative view as to what should be done to protect traffic on highways against a truck left standing upon "any traveled portion of a highway." The operator of such a truck must place a burning fusee on the extreme left side of the vehicle or place lights approximately one hundred twenty-five feet to the front and rear of such a stationary vehicle. While that is the plain construction which must be given to the statute, we have heretofore not had any occasion to so declare. In *Bornemann v. Lusha,* 221 Wis. 359, 266 N. W. 789, a case which arose subsequent to the enactment of sec. 85.06 (2) (d), and which involved a stalled truck, the driver of which failed for five or six minutes to place any light in compliance with that section, it was held that the driver was negligent. In *Scheffler v. Bartzen,* 223 Wis. 341, 269 N. W. 537, the sole question decided was whether flares ahead and to the rear of the stationary truck were properly placed. There was no fusee on the truck, and this court did not mention that fact as bearing upon the defendant's negligence. That the statute should be so construed is further supported by the following language:

"Every such vehicle [motor truck, truck tractor, trailer or semitrailer] operated on the highways shall be provided at all times with the fusees *or* other lights required to comply with this subsection."

It is therefore plain that the legislature intended that the driver of a truck stalled or left stationary on the traveled portion of a highway in the nighttime should do one of two things, *i. e.,* protect the truck with a fusee or protect it with lights placed in accordance with the statute.

In *Bent v. Jonet,* 213 Wis. 635, 645, 252 N. W. 290, 293, it was said:

"Thus when an order of the commission is claimed to be applicable, the sole question is whether the structure conforms to the order. If it does, the jury may not substitute its conclusions as to its safety for those of the body vested by statute with the power to determine this matter."

In our opinion the same rule should apply to a safety statute which declares what care shall be exercised under certain circumstances. In our view, under the undisputed testimony, the defendant, by its servant, fully complied with the statutory requirements and must be held to have been free of negligence.

*By the Court.*—Judgment affirmed.