Callaway, Appellant, vs. Kryzen and others, Respondents.

*April 12—May 17, 1938.*

For the appellant there was a brief by *Olin & Butler,* attorneys, and *C. G. Mathys* and *Eldon J. Cassoday* of counsel, all of Madison, and oral argument by *Mr. Mathys* and *Mr. Cassoday.*

For the respondents there was a brief by *Godfrey, Arnold & Cullen* of Elkhorn, and *Alfred R. Gandrey* of Milwaukee,

attorneys, and *Alfred L. Godfrey* of Elkhorn of counsel, and oral argument by *Mr. Godfrey* and *Mr. Gandrey.*

NELSON, J.   On March 12, 1937, the defendant, Kryzen, was employed by the defendant, Gateway City Transfer Company.   On that day he was operating one of the company's trucks which was heavily loaded with hickory lumber. The load weighed about eighteen thousand pounds.   While proceeding along United States Highway No. 12 in a westerly direction, several miles east of Whitewater, one of the right rear tires of the tractor went flat, and very shortly thereafter the other dual tire blew out.   He stopped his truck on the pavement within a short distance after the blowout occurred.   It was then about 5 o'clock in the morning and, of course, dark.   He put out a lighted fusee and also placed two flares to the rear of his truck and flares ahead of it.   He also put out red flags close to the flares. He removed the damaged tires and installed a spare tire on one of the dual wheels.   Thereafter at about 6 o'clock he caught a ride into Whitewater where he contacted a filling-station operator who promised to send a man out to the stalled truck shortly after 7 o'clock.   Kryzen then returned to the place where his truck was disabled and waited for the repairman to arrive.   Later on he again went into Whitewater, and after the tire which had gone flat was repaired, went back to the truck with the repairman.   At that time it was about 8:30 o'clock in the morning.   Just shortly before they arrived at the place of the disabled truck, the plaintiff, who was driving a Chevrolet automobile, crashed into the left rear end of the trailer at an angle of thirty-five to forty degrees.

The plaintiff was driving from Chicago to Madison.   He observed the truck when he came around a bend in the road, which was at least a city block away from it.   At first he did not know that it was not moving.   He soon discovered, how-

ever, that it was standing still. He turned into the left lane when some distance from the truck, apparently without slackening his speed, which was about forty to forty-five miles per hour. The truck was parked on a slight incline or hill, the crest of which was about two hundred feet beyond. The plaintiff recalled seeing one of the flares which was still burning. There was credible evidence that shortly before the plaintiff was about to pass the truck a sedan driven at a high rate of speed came over the crest of the hill from the west. The coming of this sedan, apparently, is what caused plaintiff to turn back to his right and into the truck. The plaintiff received a head injury as a result of the collision, and could not recall at the time of the trial just why he turned back. Three disinterested witnesses, however, testified to the presence upon the highway of the swiftly driven sedan, which passed the plaintiff's automobile successfully, but did not stop. This is a sufficient statement of the facts for an understanding of the decision.

The trial court apparently was of the opinion that, under the circumstances, it was doubtful whether the jury would be warranted in finding the defendant, Kryzen, negligent, but regardless of that opinion, held as a matter of law that the negligence of the plaintiff was equal to or greater than that of the defendant. While the question may be regarded as a close one, we are of the opinion that the issues respecting the negligence of the parties should have been submitted to the jury and compared by it.

Evidence was adduced by the plaintiff which, if deemed credible by the jury, would support a finding that the defendant, Kryzen, was negligent in at least one respect. The plaintiff contends that the jury might have found that the defendant, Kryzen, and his employer, were negligent: (1) In loading the truck beyond the carrying capacity of its tires; (2) failing to carry more than one spare tire; (3)

stopping the truck upon the highway outside of a business district when it was practical to stop off the roadway of the highway; (4) failing to leave an unobstructed width of no less than fifteen feet upon the roadway of the highway opposite the standing truck; (5) stopping on a hill; and (6) failing to remove the truck from the highway before the collision by, (a) driving it under its own power on to a private roadway nearby, or (b) sooner having the flat tire repaired.

In our view, under the evidence adduced, the only negligence of Kryzen which could be considered as a proximate cause of the collision was his leaving the truck standing upon the roadway, without leaving a clear and unobstructed width of no less than fifteen feet of the roadway opposite the truck, if the truck was not disabled in such a manner or to such an extent as to make it impossible to avoid stopping or temporarily leaving it upon the highway. Sec. 85.19 (1), Stats., provides:

*"Parking on highway.* No person shall park, stop, or leave standing any vehicle, whether attended or unattended, upon any highway outside a business or residence district when it is practical to park, stop or leave such vehicle standing off the roadway of such highway, provided that in no event shall any person park, stop or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction along such highway."

Sub. (8) of that section provides:

*"Disabled vehicles upon highway.* The provisions of this section shall not apply to the operator of any vehicle which is disabled while on the highway in such a manner or to such extent that it is impossible to avoid stopping or temporarily leaving such vehicle in such position."

While the defendant, Kryzen, stopped his truck upon the highway and left it standing there upon the roadway of such highway without leaving for the free passage of other vehicles thereon, a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway, sec. 85.19 (1) does not apply if the truck was disabled in such a manner or to such extent that it was impossible to avoid stopping or temporarily leaving such vehicle in such position. The truck clearly was a disabled vehicle. The truck became stalled at 5 o'clock in the morning and was still standing upon the highway at 8:30 when the collision occurred. There was testimony adduced by the plaintiff which, if deemed credible, would permit of the inference that it would have been possible to move the truck to the shoulder or to move it forward a distance of a little over two hundred feet where a crossroad intersects Highway No. 12. There was considerable dispute in the evidence as to whether the shoulder of the road was in such condition as to render it practical to drive the truck off the road and onto the shoulder. There was also a dispute as to whether the truck could have been moved up to the crossroad on the single spare tire which had been installed. In our view, we consider that the evidence adduced by the plaintiff, if deemed credible by the jury, would warrant a finding that it was not impossible to avoid stopping or temporarily leaving the truck upon the highway. In our opinion, the loading of the truck beyond the carrying capacity of its tires, failing to carry more than a single spare tire, and stopping under the circumstances upon an incline, could hardly be considered as proximate causes of the plaintiff's injuries. We are also of the view that stopping the truck upon the highway outside of a business district when it was practical to stop off the roadway of the highway, failing to leave an unobstructed width of no less than fifteen feet upon the roadway of the highway opposite the truck, and

failing to remove the truck if not impossible to do so, were overlapping issues or ultimate facts which related to the same thing, and may not be considered as cumulative by the jury in comparing the negligence of the parties. *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721; *Knauf v. Diamond Cartage Co.* 226 Wis. 111, 275 N. W. 903. So, upon a retrial of this action, it will be proper, so far as the defendants are concerned, to submit to the jury for its answer: (1) A question relating to the extent of the disablement of the truck, following the language of sub. (8). If that question be answered against the defendants, then (2) a question relating to the negligence of the defendants in not removing the truck from the highway so as to leave a clear and unobstructed width of no less than fifteen feet upon the roadway opposite such truck, and (3) a question as to causation.

As to the plaintiff, the testimony adduced upon the trial was such as to permit of inferences that he was negligent in several respects. However, the acts of the defendant which properly may be found to be negligent, in case the truck could have been removed, are not of the same kind or quality as the negligence of the plaintiff. We have repeatedly held that where negligent acts differ in kind and quality, the comparison ordinarily is for the jury. In *McGuiggan v. Hiller Brothers*, 209 Wis. 402, 407, 245 N. W. 97, we said:

"Nor can we say that the plaintiff's negligence, as a matter of law, is greater than that of the defendant. The negligent acts differ in kind and quality, and we know of no legal yardstick by which we can classify, evaluate, and compare them. . . .

"However, it is evident that the instances in which a court can say as a matter of law that the negligence of the plaintiff is equal to or greater than that of the defendant will be extremely rare, and will ordinarily be limited to cases where the negligence of each is of precisely the same kind and character."

See also *Paluczak v. Jones,* 209 Wis. 640, 245 N. W. 655; *Cameron v. Union Automobile Ins. Co.* 210 Wis. 659, 246 N. W. 420, 247 N. W. 453; *Brown v. Haertel,* 210 Wis. 345, 244 N. W. 630; *Engebrecht v. Bradley,* 211 Wis. 1, 247 N. W. 451; *Mullen v. Larson-Morgan Co.* 212 Wis. 52, 249 N. W. 67; *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290; *Steidl v. Caliebe,* 215 Wis. 582, 254 N. W. 524; *Schmidt v. Leary,* 213 Wis. 587, 252 N. W. 151; *Hammer v. Minneapolis, St. P. & S. S. M. R. Co.* 216 Wis. 7, 255 N. W. 124; and *Brennan v. Chicago, M., St. P. & P. R. Co.* 220 Wis. 316, 265 N. W. 207. In *Zenner v. Chicago, St. P., M. & O. R. Co.* 219 Wis. 124, 262 N. W. 581, we held that the negligence of the plaintiff was equal to or greater than that of the defendant. In *Manitowoc Trust Co. v. Bouril,* 220 Wis. 627, 265 N. W. 572, it was held that the negligence of a person who was unlawfully riding upon the running board of a car, when compared with the negligence of the operator of the car who permitted him so to ride, was equal as a matter of law and that a finding of greater negligence on the part of the operator of the car could not be sustained.

It is our opinion therefore that a nonsuit should not have been granted. The issues should have been submitted to the jury and the respects in which the parties were negligent compared by it.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.

FAIRCHILD, J. (*dissenting*). The term "negligence" signifies want of care, caution, attention, diligence, or skill in the performance of an act by one having no positive intent to injure. One is negligent if he fails to exercise his power of control over a situation when the circumstances are such as cast upon him a duty to control it. The rule is that if the

negligence of the party injured contributed to produce the injury, or if he could in the exercise of ordinary care have avoided it, and failed to do so, the case is one of mutual fault and then the negligence of one is to be compared with that of the other.

The facts before us show that the injured party drove into a standing truck, with full knowledge that it was there. Upon these facts he was actively negligent. The facts do not differ from those of the first illustration in Restatement, Torts, § 302, which is as follows:

"A, an engineer of a railway engine, is driving it with the throttle open. On rounding the corner he sees a quarter of a mile away a trespasser lying unconscious on the track. The engineer's failure to stop his engine is regarded as active negligence, as fully as though the engine had been standing on the track and he had started it with knowledge of the trespasser's position."

If we assume that the truck driver had no possible excuse for leaving his truck upon the highway, still it cannot be said that the plaintiff was not in full control of the force that might cause injury. The truck was there. The necessity of passing was plain. The plaintiff was bound to consider the possibility of oncoming cars. Since he had notice of the truck's position, his failure to accommodate his movements to the evident condition was negligence, and this negligence was at least equal to that of the truck driver.

I am of the opinion that nonsuit was properly granted.