CRANSTON, Appellant, vs. RAILWAY EXPRESS AGENCY, INC., Respondent.

*March 11—April 15, 1941.*

480

The cause was submitted for the appellant on the brief of *Max H. Strehlow* of Green Bay, and for the respondent on that of *Chadek, Cornelisen & Denissen* of Green Bay.

FAIRCHILD, J.   The jury in its answers to the special verdict found that the driver of the respondent's truck failed to exercise ordinary care as to lookout and yielding the right of way to appellant's car.   The testimony was such that a jury question as to those important and ultimate facts existed. It was therefore error to deny appellant judgment on the verdict.   While the truck was standing in the alley it was seen over the tops of parked cars by the driver of appellant's car when she was coming off the bridge or passing the filling station some one hundred fifty feet away from the line of travel of the truck.   There is testimony to be considered reliable, and evidently was so considered by the jury, that the driver of appellant's car was sixty feet away from the course taken by the truck at the time the truck was emerging from the alley.   The driver of appellant's car appears to have given attention to surrounding conditions, including the truck as it stood in the alley and as it came out on Walnut street.   Although she looked at the truck from points about one hundred fifty feet, eighty-three feet, and sixty feet from the intersection, she did not see it moving so as to threaten interference with her progress in her line of travel.   She was only a few feet further from the place of collision than was the truck.

As the appellant's car was driven by a bailee there is no question of contributory negligence in this case.   *Calumet Auto Co. v. Diny,* 190 Wis. 84, 208 N. W. 927.

Because defendant's driver was emerging from an alley and crossing an arterial highway, it was his duty to stop and to

yield the right of way to all vehicles approaching on such highway.  Secs. 85.18 (8), (9), and 85.69, Stats.  The right of way is defined in sec. 85.10 (35), Stats., to be "the privilege of the immediate use of the highway."  Had defendant's driver observed these duties, manifestly no accident would have occurred.  Under the law of this state a driver entering upon an arterial highway has a duty to stop and observe traffic on that highway when he is at a point where an efficient and unobstructed observation may be had.  *Paluczak v. Jones,* 209 Wis. 640, 644, 245 N. W. 655; *Canzoneri v. Heckert,* 223 Wis. 25, 29, 269 N. W. 716; *Gumm v. Koepke,* 227 Wis. 635, 641, 278 N. W. 447.  The car was plainly visible, and had defendant's driver used ordinary care and caution he would have seen it.  His own testimony that he proceeded across without looking either to the left or right is evidence which supports the verdict of the jury in plaintiff's favor.

The driver of the truck testified that he did not see the car; that he knew cars going east at that place would have difficulty in stopping as they approached his line of travel.  Although the driver of appellant's car was either eighty-three feet or sixty feet from his line of travel he said: "I saw no cars. There were no cars on the south side close enough to prevent turns into the alley there; no cars there within a short distance. As I took my view I started to go across.  Thereafter I did not look again to my right or left.  I shifted gears; it is only forty feet across.  If any car was close in I would have seen it.  I looked a certain distance; as you drive along you look a certain distance, so I could make my crossing.  I did not see plaintiff's car at all until after the collision."

Although there are other details set forth in the testimony and such instances were relevant, none alone nor all of them together are so controlling as to overcome the competent evidence which sustains the findings of the jury.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in plaintiff's favor upon the verdict.