Stryk, Appellant, vs. Sydarowich, Respondent.

*March 8—April 2, 1929.*

*Herman Leicht* of Medford, for the appellant.

For the respondent the cause was submitted on the brief of *J. F. Murry* of Thorp.

STEVENS, J. The single question presented is whether the finding of the jury that the plaintiff was guilty of contributory negligence is so contrary to the undisputed physical facts that the proof does not sustain this finding of the jury.

The court submitted the case to the jury under such instructions that the finding that the plaintiff was guilty of contributory negligence means that the jury based their answer upon defendant's statement that plaintiff's car hit the culvert before defendant's car collided with it.

Starting with the admitted fact that the defendant's automobile did in fact hit the left rear end of plaintiff's car, the undisputed physical facts clearly demonstrate that defendant must have been mistaken in his testimony that he did not collide with plaintiff's car until after it had hit the culvert head. Had plaintiff's car hit the culvert head before the defendant collided with it, the front end of plaintiff's car would have been damaged. But the proof is undisputed that the damage was to the rear of the car, not to the front.

The only way to explain the fact that the right rear wheel was thrown to plaintiff's right so that it collided with the south end of the culvert head is that some force was applied to the left side which swung the rear of the car to the right after the front of the car had passed that point. Under the

testimony this force must have been supplied when defendant's automobile hit plaintiff's car on the left side at the rear. These undisputed physical facts demonstrate so clearly that the damage to the plaintiff's car must have been caused by the defendant coming diagonally across to plaintiff's side of the road and colliding with plaintiff's car just as it was passing the south end of the culvert head, as plaintiff testified and as the tracks of defendant's automobile indicated, that the finding of the jury that plaintiff was guilty of contributory negligence cannot stand. The testimony of the defendant is not sufficient to overcome the only logical conclusion that can be drawn from the undisputed physical facts established by the testimony.

"Where all reasonable probabilities from facts unquestionably established by the evidence are on one side of a controversy, the testimony of an interested party to the contrary does not create a conflict of evidence requiring such controversy to be submitted to and determined by a jury, or, if submitted, support their determination, if contrary to all such reasonable probabilities." *Flaherty v. Harrison,* 98 Wis. 559, 563, 74 N. W. 360.

"The testimony of a witness or finding of a jury, contrary to unquestionable physical situations, or common knowledge, or conceded facts, is of no weight in favor of the side it is invoked to support. . . ." *Samulski v. Menasha P. Co.* 147 Wis. 285, 291, 133 N. W. 142.

The judgment is reversed, and the cause remanded with directions to change the answer to the question as to contributory negligence from "Yes" to "No," and to enter judgment on the verdict as thus amended for the plaintiff in the sum of $600 and costs.

*By the Court.*—So ordered.