McGuiggan, by guardian *ad litem*, Appellant, vs. Hiller Brothers, Respondent.

*October 12—November 9, 1932.*

For the appellant there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *D. V. W. Beckwith.*

For the respondent there was a brief by *Stephens, Sletteland & Sutherland* of Madison, and oral argument by *R. J. Sutherland.*

WICKHEM, J.  At the time of the accident plaintiff was driving west from Madison to Verona in a Chevrolet coupé. A truck owned by defendant was being driven east upon the

same highway, and was operated by an employee of the defendant. Defendant's truck was equipped with a rack, which was between eighty-five and eighty-six inches in width, and which extended about nine inches out from the body of the truck on either side. The accident happened at 2 a.m. on June 25, 1931, and the truck carried no clearance lights or any other lights to designate it as a truck. This was in violation of sec. 85.06, Stats., relating to the lighting equipment of such vehicles.

The accident happened on highway 18, near the Dane county asylum. In front of the asylum is a strip of asphalt paving some thirty-five feet wide. On either side of the asphalt the road is the ordinary twenty-foot concrete highway. At the point where the asphalt joins the concrete highway on the east there is an expansion strip of asphalt filler. According to the evidence of all the parties, the accident happened approximately at this point. The left front portion of plaintiff's Chevrolet coupé collided with the rack and rear wheel of defendant's truck. Plaintiff claims that he drove upon his own side of the highway, and that the accident was caused by the fact that the rack of defendant's truck extended over the center line of the highway. According to the driver and other occupant of defendant's truck, the plaintiff proceeded on his own side of the highway until his headlights were about even with those of defendant's truck, and then swerved into defendant's truck. Both of defendant's witnesses claimed that the truck was entirely upon its right side of the road.

Upon the above facts, standing alone, there was clearly a jury question. However, the contention was made by the defendant, and sustained by the trial court, that plaintiff's testimony is contrary to the undisputed physical facts, which clearly demonstrate that defendant's truck, including the rack, was well to its right of the center line. It is conceded that this accident happened at or slightly east of the expansion strip which marks the eastern boundary between the

asphalt and the concrete. It is conceded that there were left in this soft asphalt strip the marks of dual tires, and that these marks were made by the rear wheels of defendant's truck. The distance between the outside mark and the center line of the highway was two feet eight and one-half inches. It is unnecessary to set out the detailed measurements of the truck. They were not in dispute, and the location of the tire marks, considered in connection with the measurements of the truck, demonstrate beyond the possibility of a dispute not only that the outer edge of the rack on defendant's truck could not have been over the center line, but, indeed, that it could not have been nearer the center line than two feet. In addition to this, there was a series of gouges and scratches concededly made by the left front wheel of plaintiff's coupé. These gouges and scratches commenced just west of the asphalt expansion strip and angled to the southwest until they reached the curb on plaintiff's left-hand side of the road. The left front wheel of plaintiff's coupé was broken off by the collision, and the scratches were caused by the axle of the coupé dragging along the pavement. The first scratch to the west of the junction line is from nine to eleven inches west of that line, and one foot nine inches south of the center line, indicating the presence of plaintiff's car on the wrong side of the highway. These physical facts must be treated as verities, and are open only to the inference that defendant's truck was on its proper side of the highway, and that plaintiff's automobile was not. Under these circumstances, plaintiff's testimony that he was driving on his own side of the highway, and that a portion of defendant's truck was being operated upon the wrong side of the highway, does not create a jury question upon this issue. *Stryk v. Sydarowich,* 198 Wis. 542, 224 N. W. 479; *Samulski v. Menasha P. Co.* 147 Wis. 285, 133 N. W. 142.

It does not follow, however, that the verdict was properly directed for the defendant. While it must be considered that the evidence establishes beyond reasonable dispute that

plaintiff negligently drove his car upon the wrong side of the highway, and that defendant's driver was not negligent in this respect, it was a conceded fact that defendant's truck was operated without clearance lights in violation of sec. 85.06, Stats., and that this constituted negligence. The accident happened on June 25, 1931, and is governed by sec. 331.045, Stats., establishing for this state the doctrine of comparative negligence. The section provides:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished by the jury in the proportion to the amount of negligence attributable to the person recovering."

We are confronted, therefore, with two questions: first, whether this court, as a matter of law, can say that the conceded negligence of the defendant in operating its truck without clearance lights did not proximately contribute to the accident and injury of plaintiff; and second, whether, as a matter of law, this court can say that the negligence of the plaintiff in operating his car on the wrong side of the highway was greater than that of defendant in operating its car without the clearance lights. It is our conclusion that each question must receive a negative answer. With respect to the contention that there was no causal relation between defendant's negligence and the injury, there are several observations to be made. Plaintiff was approaching defendant's truck, and the question as to how much clearance to yield called for the exercise of judgment upon his part. It is a fact, of which notice may be taken, that in approaching a car in the nighttime an instinctive judgment, based upon the location of the headlights of the approaching car and the assumption that the vehicle is of ordinary width, is usually

made, and that cars are driven on the basis of such a judgment. This fact was taken into account in drafting sec. 85.06, Stats., requiring clearance lights where the body of the vehicle exceeded a certain width, and the dangers of unlighted projections beyond the ordinary width were expressly recognized by the legislature. It will be noted that the obligation imposed upon trucks affected by this section is not merely to keep entirely upon the right side of the highway, but also to carry the required lights,—a statutory recognition of the fact that the two hazards are separate and distinct, and that the failure to have lights may be the cause of an accident, even though the truck be operated upon the right side of the road. Under these circumstances we do not think that the causal relation to the accident of the defendant's failure to have clearance lights can be eliminated as a matter of law. Nor can we say that the plaintiff's negligence, as a matter of law, is greater than that of the defendant. The negligent acts differ in kind and quality, and we know of no legal yardstick by which we can classify, evaluate, and compare them.

In *Brown v. Haertel,* 210 Wis. ——, 244 N. W. 633, 246 N. W. 691, where plaintiff's negligence consisted of a failure to look before entering an intersection, and that of defendant consisted of excessive speed and failure to yield the right of way, it was held that the question whether the negligence of plaintiff was as great as that of defendant was for the jury. It was pointed out there that under some circumstances it might be proper for a court to determine as a matter of law that the negligence of the plaintiff was as great as that of the defendant. "If the negligence of each consisted simply in a failure to look, and they both had ample opportunity to discover each other, it might be that their negligence would have to be held equal." However, it is evident that the instances in which a court can say as a matter of law that the negligence of the plaintiff is equal to or greater than that of the defendant will be extremely rare, and will ordinarily be lim-

ited to cases where the negligence of each is of precisely the same kind and character.

For the foregoing reasons it follows that these were questions for the jury, in view of the provisions of sec. 331.045, Stats., and that it was error to direct a verdict.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.