COVNOT, Respondent, vs. CLAYTON and another, Appellants.

*December 8, 1937—March 15, 1938.*

For the appellants there were briefs by *Hayes & Hayes,* attorneys, and *William A. Hayes* of counsel, all of Milwaukee, and oral argument by *Harry J. Hayes.*

For the respondent there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

The following opinion was filed January 11, 1938:

WICKHEM, J.  At the time of the accident plaintiff was an occupant of a car owned by one Fred O'Hara and operated by defendant Philip Chasin.  The automobile was being driven in a northerly direction on United States Highway No. 141.  The defendant G. F. Clayton was an auditor for the defendant Hardware Mutual Casualty Company, and was driving his car upon the same highway and in the same direction immediately to the rear of the automobile in which plaintiff was.  It is plaintiff's claim that Clayton passed the O'Hara car on its right side, striking the right front fender of the O'Hara car, causing it to be precipitated into a ditch on the east or same side of the highway.  Plaintiff's injuries were sustained when the O'Hara car overturned and went into the ditch.  The fact that there was an accident in which the O'Hara car went into a ditch on its own side of the highway with resultant injury to plaintiff is not disputed.  The sole question is whether the jury were entitled to conclude that the Clayton car made any causal contribution to the accident.  Plaintiff supported her claim with her own testi-

mony, which was extremely vague and inconclusive. She testified that just before the accident there was a car back of them, and two cars on the opposite side of the road going in the opposite direction; that a car which she later learned was Clayton's car hit the O'Hara car on the right front wheel and caused that car to go into the ditch; that after the O'Hara car was struck by the Clayton car, it "toppled into the ditch and rolled over three times." She testified that the Clayton car came up on the right-hand side; that the O'Hara car was in front of the Clayton car all the time until the accident occurred. The deposition of one Delbert Long was to the effect that he was riding in the front seat of a truck going south from Sheboygan to Milwaukee on Highway No. 141, and that he saw what turned out to be the Clayton car attempt to pass the O'Hara car on the left side and then turn back in and swing around to the right of the O'Hara car, striking it, and causing it to turn around completely, roll over two or three times, and go into the ditch. The testimony of defendant directly controverted this, and there is clearly an issue of fact unless plaintiff's testimony is so contrary to the physical facts as to render it unbelievable.

The difficulty is caused by the fact that the photograph of the Clayton car, taken immediately after the collision, discloses no sign of an impact sufficient to account for the behavior of the O'Hara car. There is the barest suggestion of a dent in the front left fender on the Clayton car. It is so inconsequential and so placed that it could not have been the only injury sustained by the Clayton car had it actually passed on the right and collided with the O'Hara car with sufficient force to cause the latter to swing completely around and overturn. It is true that the driver of an automobile may sustain a liability without coming in contract with another vehicle. He may so maneuver his car, for example, as to force the other car to drive into a ditch to avoid him, or cause an emergency with resultant loss of control. There is

no claim that this is what happened here, much less evidence to sustain it. The case must stand or fall on the proposition that the Clayton car struck the O'Hara car a sufficiently substantial blow to swing it around completely or to immediately disable it and cause it to go into the ditch.

It is our conclusion that it is physically impossible that this could have happened without leaving very substantial evidences of impact upon the Clayton car. That evidences of such an impact were wholly absent is apparent from a photograph of the Clayton car shortly after the accident. In view of the physical facts, plaintiff's evidence to the effect that the Clayton car passed to the right of the O'Hara car and struck the right front portion of the latter car, causing it to turn completely around and overturn in the ditch, must be held to have raised no issue of fact for the jury by reason of the well-established rule that where evidence is contrary to the physical facts, it creates no issue. *Stryk v. Sydarowich,* 198 Wis. 542, 224 N. W. 479; *Samulski v. Menasha Paper Co.* 147 Wis. 285, 133 N. W. 142.

The same doctrine disposes of another item of evidence claimed to have bearing upon the issue. In the original answer of defendant, it was admitted that there had been a collision between the Clayton and O'Hara cars. This admission was deleted by amendment, and there is evidence tending to show that the admission was the result of a clerical mistake in drafting the answer. It is urged by plaintiff that in spite of the amendment and the explanation, the jury were entitled to consider the admission in the original answer as evidence tending to support plaintiff's claim that there was a collision. Conceding this, we think it must be held that since the physical facts are such that the direct evidence of eyewitnesses to the contrary is held not to create an issue, the same conclusion must follow with respect to admission by pleadings later withdrawn. The latter is concededly weaker than the direct evidence and certainly less effective to raise

an issue. The foregoing conclusions compel a reversal of the judgment and make it unnecessary to examine further the numerous assignments of error made on behalf of the defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on March 15, 1938.