CZERNIAKOWSKI, by Guardian *ad litem,* and another, Respondents, vs. NATIONAL ICE & COAL COMPANY and another, Appellants.

*January 13—February 17, 1948.*

For the appellants there was a brief by *Lane & Harrington* of Milwaukee, and oral argument by *James W. Lane.*

For the respondents the cause was submitted on the brief of *Rubin & Ruppa* of Milwaukee.

BARLOW, J.  The jury found Norman Neman, driver of defendant's truck, at and just prior to the collision guilty of causal negligence with respect to the part of the road on which he was operating said truck.  Appellants contend there is no credible evidence to sustain this finding of the jury.

Plaintiff Robert Czerniakowski at the time of the accident was twelve years old, was in the sixth grade in school and had average marks for that year of about 90.  At the time of the collision, which occurred on October 2, 1944, at about 5 p. m., he was riding his bicycle north on South Sixteenth street between West Forest Home avenue and West Rogers street in the city of Milwaukee, Wisconsin.  Norman Neman was driving defendant's truck in a southerly direction toward West Rogers street.  At the time of the collision it was drizzling but still daylight, and the pavement was wet.

Plaintiff testified that he observed the truck when it was about one hundred feet north of the point of collision and he was about forty feet south of the point of collision, and at that time the truck was midway between the center of the street and the west curb; that plaintiff continued north between four and five feet east of the center of the street and was struck by defendant's truck at that distance east of the center of the street.  Plaintiff also testified that defendant's truck driver was attempting to pass an automobile before the collision.  Norman Neman, the truck driver, testified that at the time of the collision the truck was ten feet west of the center of the street; that plaintiff struck his truck at that point, just as he brought his truck to a stop.

Plaintiff's bicycle was damaged and plaintiff was thrown to the street about two feet west of the center line.  There is testimony that defendant's truck traveled fifteen to twenty feet after the collision.  Another witness, who was driving an automobile behind plaintiff's bicycle, testified he did not see the collision but defendant's truck came to a stop almost immediately after the collision and was about seven feet west of

the center of the street at that time. This witness denied, as did the truck driver, that the truck driver was passing an automobile just prior to or at the time of the collision.

Appellants rely on the rule of law that testimony is incredible when it is so in conflict with the uniform course of nature or with fully established physical facts that no reasonably intelligent man could give it credence, citing *Salchert v. Reinig* (1908), 135 Wis. 194, 115 N. W. 132; *Samulski v. Menasha Paper Co.* (1911) 147 Wis. 285, 133 N. W. 142; and *Covnot v. Clayton* (1938), 227 Wis. 144, 277 N. W. 122, contending the physical facts supported by the testimony of the disinterested witness demonstrate the impossibility of plaintiffs' theory. They argue it was impossible for defendant's truck to have been as far west of the center of the street as it was when it came to a stop if the collision had occurred east of the center. Plaintiff was unconscious after the collision and his body was about two feet west of the center of the street.

All of this was argued to the jury and to the court on motions after verdict, and in each instance rejected. The rule of law is well established that if the evidence is conflicting, or if the inferences to be drawn from the credible evidence are doubtful and uncertain, and there is any credible evidence which under any reasonable view will support or admit of an inference either for or against the claim or contention of any party, then the rule that the proper inference to be drawn therefrom is for the jury should be firmly adhered to and the court should not assume to answer such question either upon a motion for nonsuit or direction of verdict, or by substituting another answer after the verdict is returned. *Wisconsin Telephone Co. v. Russell* (1943), 242 Wis. 247, 252, 7 N. W. (2d) 825, and cases there cited. The testimony of the plaintiff and witnesses for the defendants are in direct contradiction, which created a jury issue. While there is ample evidence to sustain the theory of defendants if the jury had found in their favor, the jury had a right to believe plaintiff's testimony,

which they did. Both the jury and the trial judge had an opportunity to observe the witnesses and determine the weight to be given to their testimony. We conclude the physical facts contended for by appellants are not sufficient as a matter of law to overcome the results in the trial court.

After the jury had retired they returned to the courtroom and asked for further instructions on the first and third questions of the special verdict, in substance inquiring whether they could find that both the plaintiff and defendant's truck driver were guilty of negligence in operating their vehicles on the wrong side of the street. The court instructed them they would have to answer one question "Yes" and one "No" because it was their duty to determine who was on the wrong side of the street at or just prior to the collision. Appellants contend this was error. It is considered the court properly so instructed the jury. Only one question of negligence was submitted to the jury in the special verdict as to each party to the action, and that was whether at or just before the collision his vehicle was being operated on the wrong side of the street. There was no question on comparative negligence. Thus there was only one question for the jury to determine and that was who was on the wrong side of the street at or just prior to the collision.

*By the Court.*—Judgment affirmed.

FRITZ, J., dissents.