OLSON and wife, Respondents, vs. RINK and others, Appellants.*

*October 9—November 6, 1951.*

* Motion for rehearing denied, with $25 costs, on January 8, 1952.

*Frank L. Morrow* of Eau Claire, for the appellants.

For the respondents there was a brief by *Dennis B. Daniel-son* and *Edward T. Vinopal,* both of Eau Claire, and oral argument by *Mr. Danielson.*

GEHL, J. But one question is presented: Is there any credible evidence which will support the jury's finding that Rink was causally negligent in failing to maintain proper lights on his truck? If there is, then under the familiar rule, to which we need cite no authorities, the judgment must be affirmed.

Olson testified that as he approached the truck he did not see any lights upon it. His wife's testimony is the same. Roger Brown, a traffic officer, called by plaintiffs, testified that he does not recall that when he arrived upon the scene there were any lights burning on the truck, and that when he followed it to Eau Claire after the collision he did not notice whether the headlights were working or whether there were any clearance lights on the vehicle, but that there was a taillight burning. Lynn H. Blakely, also called by plaintiffs, testified that he was following the truck at a distance of from two to three hundred feet; that it had no taillight;

that he does not recall seeing any front lights on the truck prior to the collision; and that there were no lights on it after the accident.

Against this is the testimony of Rink who says that his headlights were burning.

The disputed testimony presented to the jury an issue as to Rink's negligence, the violation of sec. 85.06 (2) (a), Stats., which requires that a motor vehicle shall be equipped with at least two headlights, and resulted in a finding which we may not disturb.

Defendants contend, however, that, assuming that the truck was being operated without headlights, there is no credible evidence to support the jury's finding that such failure was a cause of the collision. The answer to the contention is contained in the opinion in *McGuiggan v. Hiller Brothers,* 209 Wis. 402, 407, 245 N. W. 97, where the court says:

"It will be noted that the obligation imposed upon trucks affected by this section [85.06] is not merely to keep entirely upon the right side of the highway, but also to carry the required lights,—a statutory recognition of the fact that the two hazards are separate and distinct, and that the failure to have lights may be the cause of an accident, even though the truck be operated upon the right side of the road."

It is true that in the *McGuiggan Case, supra,* the court was dealing with the absence of clearance lights only, and that the court had in mind the fact that clearance lights are required upon a truck to warn an approaching driver against the assumption usually made that the vehicle is of ordinary width. That fact does not distinguish the facts of the case from those here involved. We adhere to the rule that "the failure to have lights may be the cause of an accident, even though the truck be operated upon the right side of the road."

*By the Court.*—Judgment affirmed.