Donahue, Administratrix, Appellant, vs. Western Casualty & Surety Company and others, Respondents.

*November 8—December 7, 1954.*

For the appellant there was a brief by *Gold & McCann,* and oral argument by *Richard A. McDermott,* all of Milwaukee.

For the respondents there was a brief by *Bender, Trump, McIntyre, Trimborn & Godfrey* of Milwaukee, and oral argument by *Robert E. McIntyre.*

BROADFOOT, J.   The important issue upon this appeal is whether the trial court was justified in changing the answer of the jury in the special verdict wherein the jury found that the plaintiff's decedent was not negligent with respect to the manner in which he turned to the left and proceeded across the northbound lane of Highway 100.

The plaintiff contends that the question should not have been submitted and that the issue was already included in the prior questions, particularly the inquiry as to lookout. It is the position of the plaintiff that had the jury found Donahue negligent with respect to the manner in which he turned to the left it would have been a duplication of the finding of negligence on his part in respect to lookout, and it would not have enlarged the extent to which his negligence contributed to the accident. She cites several Wisconsin cases in which the question of lookout was stressed although left turns were also involved.

We have stated before that the facts in cases involving a collision between motor vehicles are so dissimilar that we look for principles rather than precedents in the earlier decisions. Each case must be considered upon its own facts. We have reviewed a great many cases in which both questions were submitted in the same verdict.

It is not clear from the record just what Donahue was attempting to do prior to the collision. In both briefs the parties discuss sec. 85.18 (5), Stats., dealing with vehicles turning left at intersections. Donahue might have been making a U-turn that carried him below the intersection or it may be that he was planning to enter the driveway into the oil station at the southeast corner of the intersection. If Donahue was making a U-turn, then he violated the provisions of sec. 85.17 (5) by turning at a place not an intersection. If he was turning into the driveway to the oil station from Highway 100, then he was violating sec. 85.175 (1).

The question as submitted in the special verdict was general and would cover any of the situations and was a proper question to be submitted. His maneuvers with his truck were certainly violative of one of the statutes regulating the turning movements of motor vehicles. There can be no other conclusion from the record but that he was negligent as a matter of law and that the violation was causal. Under the facts

and circumstances of this case Donahue's negligence in that regard was clearly the principal and predominating cause of the collision and rendered it inevitable to such an extent that it was attributable more thereto than was Egelhoff's negligence in respect to lookout alone, if Egelhoff was negligent in that respect. The trial judge held that there was no credible evidence in the record to support the finding of the jury that Egelhoff was causally negligent as to lookout. We think that was immaterial so far as the result in this case is concerned. Donahue being causally negligent as a matter of law in the manner in which he made the left turn required the court also to find that the negligence of Donahue contributed more to the accident than did Egelhoff's, if Egelhoff was causally negligent as to lookout.

*By the Court.*—Judgment affirmed.

STEINLE, J. (*dissenting*). On the basis of competent evidence in this record the jury was warranted in determining that Theodore C. Egelhoff was not confronted with an emergency situation; that John Donahue, the deceased, negotiated no sudden turn of his truck into the pathway of the oncoming Egelhoff vehicle; that Theodore C. Egelhoff's failure to exercise a proper lookout after his first observation of the Donahue truck, may well have been a greater factor in producing the collision than was Donahue's failure of lookout and management of his truck. The verdict of the jury ought not to have been disturbed. For these reasons I am not able to join in the expressed view of the majority that the deceased, John Donahue, was as a matter of law at least as negligent as the respondent, Theodore C. Egelhoff. This situation falls within the rule declared in *Czerniakowski v. National Ice & Coal Co.* 252 Wis. 112, 31 N. W. (2d) 156, to the effect that if the evidence is conflicting, or if the inferences to be drawn from the credible evidence are doubtful

and uncertain, and there is any credible evidence which under any reasonable view will support or admit of an inference either for or against the claim or contention of any party, then the rule that the proper inference to be drawn therefrom is for the jury should be firmly adhered to and the court should not assume to answer such question either upon a motion for nonsuit or direction of verdict, or by substituting another answer after the verdict is returned.