Nelsen, Appellant, vs. Cairo and another, Respondents.

*May 6—June 1, 1955.*

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondents there was a brief by *Lees & Bunge,* attorneys, and *E. J. Simarski* of counsel, all of Milwaukee. and oral argument by *Mr. Simarski.*

MARTIN, J.    At about 9 p. m. on April 26, 1954, plaintiff was injured while crossing Twenty-Second avenue near the intersection of Sixty-First street in Kenosha.  Street lights and other lights in the vicinity were on.  Plaintiff crossed Twenty-Second avenue, a north-south street, in an easterly direction, walking on the marked crosswalk to a safety island located in the center of Twenty-Second avenue on the north side of Sixty-First street. About seven or eight feet east of the island he looked to the south and saw the headlights of a car coming from that direction about a block away.  He then proceeded in a northerly direction, with his back to oncoming traffic, toward his automobile which was parked at the east curb of Twenty-Second avenue some 60 feet north of the northeast corner of the intersection. After being struck by the defendant's car, he lay 76 feet north of the intersection. The defendant testified that he did not see the plaintiff until just before he hit him.

Plaintiff contends that, as a matter of law, defendant was negligent in failing to maintain a proper lookout, and defendant concedes that. It is also contended that there is evidence upon which the jury could have found defendant negligent as to control. The only evidence as to control is that of the defendant himself who testified that he was seven to eight feet from the plaintiff when he first saw him; that as soon as he saw him he put on his brakes and hit him. He testified that his speed was 12 to 15 miles per hour. At 12 miles per hour his car would have traveled 12 feet during the time it took him to react, so there is nothing in the evidence that would warrant submission of a question on his control to the jury.

Plaintiff was negligent as a matter of law in failing to yield the right of way. By his own testimony he was almost 60 feet north of the crosswalk when he was struck.

With respect to lookout, however, plaintiff contends his negligence was a question for the jury. We cannot agree. His testimony is that he looked to the south when he was seven to eight feet east of the safety island, then proceeded north in the direction of his parked car without again looking to the south for approaching traffic.

As the learned trial court stated in its decision, plaintiff and defendant had a like duty with respect to lookout and had an equal opportunity, in the exercise of ordinary care, to see each other; the law required that each should look at a time and place when the lookout would be efficient, and failure in that respect on the part of both would make them equally negligent as to lookout.

In *McGuiggan v. Hiller Brothers* (1932), 209 Wis. 402, 407, 245 N. W. 97, referring to the rule that has been applied in these cases, this court said:

" 'If the negligence of each consisted simply in a failure to look, and they both had ample opportunity to discover each other, it might be that their negligence would have to be held equal.' However, it is evident that the instances in which a court can say as a matter of law that the negligence of the plaintiff is equal to or greater than that of the defendant will be extremely rare, and will ordinarily be limited to cases where the negligence of each is of precisely the same kind and character."

Here the negligence of plaintiff and defendant as to lookout is precisely the same kind and character. In addition, plaintiff was also negligent in failing to yield the right of way, whereas defendant's negligence is limited to that of lookout. Under these circumstances it must be held that the negligence of the plaintiff is equal to or greater than that of the defendant, and the trial court properly granted the motion for a directed verdict.

*By the Court.*—Judgment affirmed.