SEIFERT, Respondent, vs. MILWAUKEE & SUBURBAN TRANSPORT CORPORATION, Appellant.

*June 4—June 26, 1958.*

For the appellant there were briefs by *Kivett & Kasdorf*, attorneys, and *Clifford C. Kasdorf* and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Clifford C. Kasdorf*.

For the respondent there was a brief by *Charne & Kops* of Milwaukee, and oral argument by *Irvin B. Charne*.

HALLOWS, J.   The court, FAIRCHILD, J., not participating, is evenly divided on the question of affirmance or reversal of that part of the judgment involving the issues raised by the defendant Transport Company with respect to negligence of the parties. This results in an automatic affirmance of the judgment of the trial court as to such issues. However, the court is not divided upon the questions relating

to damages raised by the respondent by her motion for review.

The respondent seeks a review of the question of whether there was evidence to support the jury finding that the plaintiff suffered the loss of earning capacity in the amount of $5,229. On motions after verdict the court struck out this answer of the special verdict on the ground that it was based on conjecture and speculation. Upon reviewing the testimony we conclude the trial court was right. The evidence did not present a case where different inferences could reasonably be drawn from credible evidence. In such a case the finding of the jury should not be disturbed. *Trautmann v. Charles Schefft & Sons Co.* (1930), 201 Wis. 113, 228 N. W. 741; *Czerniakowski v. National Ice & Coal Co.* (1948), 252 Wis. 112, 31 N. W. (2d) 156. Here there was a failure of proof and insufficient credible evidence to sustain a finding of $5,229 for loss of earning capacity. The finding could only rest on speculation and conjecture. Verdicts cannot rest on such grounds. *Boutin v. Cardinal Theatre Co.* (1954), 267 Wis. 199, 64 N. W. (2d) 848.

The respondent urges that the trial court erred in disallowing as a matter of law certain doctor bills and hospital, ambulance, and drug bills. This was done on the authority of *Jewell v. Schmidt* (1957), 1 Wis. (2d) 241, 83 N. W. (2d) 487, where the services had been fully performed when the wife attempted to assume them and the court stated there was no consideration for the attempted assumption by the wife. The trial court construed this case to hold that unless there was an express contract between the wife and the doctor before rendering services to her, the husband is liable for such services and the wife cannot recover the cost of such services in her action.

Here the trial court correctly allowed the bill of Dr. Hansher, who was the wife's doctor before and during marriage,

because she had always paid him on prior occasions for medical services rendered to her and he looked to her for payment. There was a contractual relationship existing between the parties. When Dr. Hansher rendered services to the plaintiff in the emergency period immediately following the automobile accident he could assume the plaintiff would pay him as in the past. Dr. Wynn, a plastic surgeon, and Dr. Johnson, an orthopedist, were called to the hospital a few hours after the accident by Dr. Hansher to help him and undertook to perform services for the plaintiff. At that time the plaintiff was in no condition to contract for the payment of their services. It is not expected nor should it be required of a member of the medical profession and a patient to make a contract while the patient is being prepared for surgery immediately following serious injury. Later and during the course of treatment the plaintiff told Dr. Wynn she would pay him for his services. Dr. Johnson's secretary, who had the authority to extend credit and arrange with patients for the payment of the doctor's bill, sent bills for his services to the plaintiff instead of to her husband. The evidence shows the plaintiff approved and ratified her doctor's action in retaining these specialists. In an emergency and under the special facts of this case the services of specialists called in by the plaintiff's attending doctor to help him should be treated for the purpose of the plaintiff's damages the same as the services of the attending doctor. We believe the trial court erred in not allowing Dr. Wynn's and Dr. Johnson's bills as elements of damages. The allowable damages for medical services are as follows: Dr. Hansher's bill $350; Dr. Wynn's bill $1,050; Dr. Johnson's bill $435, or a total of $1,835.

The record is not clear whether the hospital, ambulance, and drug bills were charged to the plaintiff or to her husband, or whether she or he paid them. The plaintiff received pay-

ment for some of the bills from the defendant husband's insurance carrier but the record does not show that the plaintiff assumed these bills or paid them herself out of her funds. Therefore, the trial court was correct in disallowing them as an element of the plaintiff's damages.

In *Henschel v. Rural Mut. Casualty Ins. Co.* (1957), 2 Wis. (2d) 466, 86 N. W. (2d) 633, we stated that, where the briefs and appendix do not substantially comply with the rules of this court, the court in the exercise of its discretion will deny the appellant's costs if he should be the prevailing party and will allow the respondent double costs if he should prevail. Where the appendix attached to the appellant's brief was inadequate in failing to set forth material testimony to sustain the verdict as required by Supreme Court Rule 6 (5) (c) this court allowed double costs to the respondent who printed a supplemental appendix. *Nothem v. Berenschot* (1958), 3 Wis. (2d) 585, 89 N. W. (2d) 289.

In the instant case the appellant's appendix is insufficient and inadequate to sustain the points raised by the appellant. In the brief some references are made directly to pages of the record because nowhere in the appendix does the material appear. Excerpts from the record are included in the brief. This is true with respect to appellant's argument that erroneous and prejudicial instructions were given. Excerpts are wholly inadequate to decide such a question. The summary of the testimony is extremely sketchy and omits parts thereof favorable to the respondent. The rules of this court contemplate that the appendix shall contain an abridgment of so much of the bill of exceptions as is necessary and material to a consideration of the question involved, not just that part of the bill of exceptions on which the appellant relies. Since the appellant's appendix in the present case does not give a fair presentation of the evidence and is otherwise inadequate we shall allow double costs to the plaintiff-respondent, who printed a supplemental appendix.

In the instant case the respondent executed a release of liability to her husband during the last day of trial in such form as to release one half of her total damages. The trial court ordered judgment in favor of the respondent for one half of the amount of the damages to which the court determined she was entitled, plus one half of the respondent's taxable costs and disbursements. One half of such costs and disbursements was taxed at $294.58. It is our determination that the respondent is entitled to judgment against the defendant Transport Company for one half of $26,835, or $13,417.50 damages.

*By the Court.*—The judgment is modified so as to fix the amount recoverable by the respondent from the appellant at $13,417.50 damages, plus $294.58 costs and disbursements, amounting in all to $13,712.08, and as modified, affirmed. The respondent shall be entitled to tax double costs on this appeal.

FAIRCHILD, J., took no part.

BROADFOOT, J. (*dissenting*). In my opinion the record herein establishes that the plaintiff was causally negligent with respect to lookout as a matter of law. Therefore there should be a new trial.