**Bradley POWELL, Plaintiff,**

v.

**Joseph M. WAGNER, Executor of the Estate of Hugh J. Deeny, Deceased, and Northwestern National Casualty Company, a Foreign Corporation, Authorized to do Business in Wisconsin, Defendants.**

No. 58-C-238.

United States District Court
E. D. Wisconsin.

Nov. 11, 1959.

Wm. J. Dehn, Marshfield, Wis., George D. Young and John H. Ames, Milwaukee, Wis., of counsel, for plaintiff.

Ray T. McCann and Richard A. McDermott, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

Action for personal injuries arising out of an automobile accident. Judgment was heretofore rendered for plaintiff on a special verdict returned by the jury. Defendants have made a motion to amend the judgment by striking therefrom the amount of $1,140, being 57 per cent of the $2,000 awarded by the jury with respect to medical, hospital, and other care.

Plaintiff's medical bills to date of trial have been paid by the Industrial Commission of Ohio. Without admitting liability in respect thereto, defendants stipulated as to their reasonableness and necessity. Future medical expenses, insofar as related to the accident in question, are also payable from the Ohio State Insurance Fund.

The Ohio Workmen's Compensation law provides for payment of compensation from the State Insurance Fund. Section 4123.54, Ohio Revised Code. Amounts of compensation awards, which include hospital and medical expenses, may not be called to the attention of or be considered by the jury in a personal injury action. Section 4123.93, Ohio Revised Code. There is no provision under the Ohio law for subrogation of the Fund to the rights of the injured employee.

In McDowell v. Rockey, 1929, 32 Ohio App. 26, 167 N.E. 589, the court interpreted the Ohio Workmen's Compensation allowances as being in the nature of occupational insurance and held that such awards, like general insurance, could not be deducted and treated as an offset for claims for damages in an action by an injured employee against a third party who had caused his injury.

■ By virtue of the doctrine of comity, this court may give force and effect to the provisions of the Ohio statute unless such enforcement is against the policy or laws of the forum State. Taus v. Taus, 1958, 2 Wis.2d 562, 87 N.W.2d 246.

In Wisconsin, general accident insurance is considered as an investment contract and differs from fire casualty insurance in that accident insurance does not give rise to subrogation rights on the basis of equitable principles. Gatzweiler v. Milwaukee E. R. & L. Co., 1908, 136 Wis. 34, 116 N.W. 633, 18 L.R.A., N.S., 211.

■ In the absence of a contractual provision for subrogation or of an equitable right thereto, the only parties concerned with an accident insurance policy are the insurer and the insured or beneficiary. The insurer cannot look to the insured or to the tort-feasor for reimbursement, and the tort-feasor, therefore, is not in danger of having to respond twice for the same element of damages.

In Campbell v. Sutliff, 1927, 193 Wis. 370, 214 N.W. 374, 53 A.L.R. 771, it was held that the liability of the tort-feasor depends upon the extent of the injury suffered and would not be diminished because the plaintiff received a salary from his employer during the period of disability or because he received insurance under an accident policy.

Compensation awarded under the Federal Vocational Rehabilitation Act was held not deductible from damages awarded by the jury in a personal injury action in Cunnien v. Superior Iron Works Co., 1921, 175 Wis. 172, 184 N.W. 767, 18 A.L.R. 667.

The language in Nelson v. Pauli, 1922, 176 Wis. 1, 186 N.W. 217, to the effect that in no event could plaintiff recover compensation for the services of certain doctors in view of the fact that they were paid for by a mutual benefit association, was not considered in the later cases of Campbell v. Sutliff, supra; Papenfus v. Shell Oil Co., 1949, 254 Wis. 233, 35 N.W. 2d 920 (and cases there cited at page 239 of 254 Wis. and at page 923 of 35 N.W.2d), and Prunty v. Vandenberg, 1950, 257 Wis. 469, 44 N.W.2d 246, holding that payments voluntarily made to an injured person inure to his benefit and

not to the benefit of the tort-feasor whose wrongful act caused the injury.

The rule of Campbell v. Sutliff, supra, that payments received under an insurance policy would not diminish the tort-feasor's liability was followed in Severson v. Milwaukee Automobile Ins. Co., 1953, 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R.2d 976, permitting recovery under liability coverage and, in addition, under the medical payments provision of the policy; and in Kopp v. Home Mut. Ins. Co., 1959, 6 Wis.2d 53, 94 N.W.2d 224, permitting recovery under medical payments coverage for hospital expenses which Blue Cross was obligated to pay.

■ The rule is otherwise with respect to a married woman's claim for her medical expenses. A wife cannot make these expenses part of her claim since the husband is legally obligated to pay therefor. See Jewell v. Schmidt, 1957, 1 Wis.2d 241, 83 N.W.2d 487, and compare Seifert v. Milwaukee & S. T. Corp., 1958, 4 Wis.2d 623, 91 N.W.2d 236.

Cases cited by defendant—Hudock v. Youngstown Municipal Ry. Co., 1956, 164 Ohio St. 493, 132 N.E.2d 108, 59 A.L.R. 2d 365, and Tille v. Finley, 1933, 126 Ohio St. 578, 186 N.E. 448—which stand for the rule that a married woman cannot claim medical bills as part of her damages since the husband is legally obligated to pay therefor, must be distinguished.

■ Where the Ohio courts treat Ohio Workmen's Compensation awards as general insurance and do not permit such payments as offsets to the liability of the tort-feasor, and where Wisconsin similarly treats payments received either gratuitously or pursuant to insurance coverage, the workmen's compensation awarded to plaintiff herein does not inure to the benefit of the defendants and may not be considered to diminish the amount awarded by the jury.

It is ordered that defendants' motion to amend the judgment be and it is hereby denied.